UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JUKEN WASHINGTON GORDON,

                            Petitioner,

                v.                                    9:05-CV-0730
                                                           (GLS)(DEP)
T.S. CRAIG, Warden,

                            Respondent.

---

APPEARANCES:

JUKEN WASHINGTON GORDON
05373-088
FCI Ray Brook
P.O. Box 9007
Ray Brook, New York 12977
Petitioner *pro se*

GARY L. SHARPE, U.S. District Judge

# ORDER

**I.    BACKGROUND**

Currently before the Court is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 submitted by petitioner Juken Washington Gordon. Gordon has paid the required filing fee.

Gordon, who is confined at the Federal Correctional Institution at Ray Brook, New York, brings this action to challenge the sentence that the United States District Court for the Southern District of West Virginia imposed upon him. That court sentenced Gordon on July 10, 1997 to a term of 151 months imprisonment. *See* Dkt. No. 1 at 2. Gordon does not indicate (1) whether he took an appeal from the July 10, 1997 judgment of conviction, or whether he filed a motion with the sentencing court

pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 1.

As a basis for his current petition, Gordon asserts that during his criminal proceeding, he was denied effective assistance of counsel and he was denied the right "to consult with his consulate or a representative of his native country Jamacia [*sic*] as required by the vienna international convention treaty act, article 36." Dkt. No. 3 at 4.

## II. DISCUSSION

### A. Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted). A federal prisoner, however, generally may not seek relief from his conviction or sentence pursuant to a § 2241 petition.

### B. Section 2255's savings clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy

under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).[1] In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377. Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003) (quotation omitted); *Cephas v.*

---

[1] However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review)*; Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion)*; United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire.")*; Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

*Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).[2]

**C.     Gordon's claims**

As noted, in support of his petition, Gordon argues that, during his criminal proceeding, he was denied effective assistance of counsel and denied his right to meet with a Jamaican consular representative.  These assertions clearly challenge the imposition of his sentence and not its execution.  Thus, Gordon's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

Gordon claims that he "seeks to cure a manifest injustice inflicted upon Gordon" and "has claimed his innocence ... throughout the legal proceeding up until sentence." Dkt. No. 3 at 3-4.  While not entirely clear, Gordon seems to claim that not allowing him to bring his claim under § 2241 would raise serious constitutional concerns.  *Id*. at 2.

In this case, however, nothing in Gordon's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention. While it unclear whether Gordon raised the present claims in a § 2255 motion, it appears he **could have raised them**.  He cannot not now resort to § 2241 merely to save his claims, which are now most likely time-barred.  Furthermore, this Court concludes that its denial of Gordon's request to proceed under § 2255's savings clause

---

[2] In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few . . . .'"  *Cephus*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 378).  The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'"  *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

does not raise a "serious constitutional question."  *See, e.g. United States v. Lurie*, 207 F.3d at 1077 (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire."); *see also supra*, n.1 and n.2.

Here, Gordon has not shown that his remedy under Section 2255 is inadequate or ineffective.  Additionally, while Gordon claims that he is actually innocent, he does not support this statement with any evidence.  Therefore, the Court finds that § 2255's savings clause does not apply to this case, and this Court lacks jurisdiction to entertain Gordon's § 2241 petition.

Accordingly, the Court dismisses Gordon's petition.

**WHEREFORE**, it is hereby

**ORDERED**, that Gordon's petition is **DISMISSED**; and it is further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Gordon.

IT IS SO ORDERED.

Dated:   July 22, 2005
         Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge